```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/29/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

C.J. DOE,                            :
a/k/a CLINTON COLSON JR.,            :    08 Civ. 8055 (LAP)
                                     :
               Plaintiff,            :    MEMORANDUM & ORDER
                                     :
       v.                            :    MAILED TO/COUNSEL
                                     :
ANDREW COUMO, GEORGE PATAKI,         :
et al., KEVIN SYLVAN, ESQ., D.C.     :
BELES, B.F. BOWERS, J.A. SALAS,      :
DAILY NEWS NEWSPAPER, INC.,          :
                                     :
               Defendants.           :
                                     :
- - - - - - - - - - - - - - - - - -X

LORETTA A. PRESKA, Chief United States District Judge:

    This action arises out of Plaintiff's absence from a
hearing concerning the redetermination of his risk level under
the Sex Offender Registration Act (N.Y. Correction Law § 168 et
seq. (2003)).  Plaintiff, proceeding pro se, brings unrelated
causes of action against various Defendants including:  (1) a
declaration that his constitutional rights were violated as a
result of his absence from the hearing; (2) an Order enjoining
Plaintiff's risk level classification and directing a new
redetermination hearing; (3) a claim pursuant to 42 U.S.C.
§ 1983; and (4) a libel claim.  Defendants New York Attorney
General Andrew Cuomo, Kevin Sylvan, and Daily News, L.P.[1] have

---

[1] Although sued as Daily News Newspaper, Inc., Defendant's proper
name is Daily News, L.P.

moved to dismiss the Complaint pursuant to Federal Rule Civil Procedure 12(b)(1) and (6). For the reasons set forth herein, Defendants' motions are GRANTED. In addition, Plaintiff has moved for leave to file a second amended complaint. For the reasons set forth herein, Plaintiff's motion is DENIED.

## MOTIONS TO DISMISS

### I. BACKGROUND

#### A. Claims against Defendants Cuomo and Sylvan

Plaintiff C.J. Doe ("Doe") is a convicted sex offender. (Am. Compl. ¶ 1.) While on parole and visiting his family in Florida, Doe was arrested and incarcerated. (Id. ¶ 2.) By letter dated January 13, 2005 (the "Notice"), Doe was notified by the Office of Court Administration of his right to challenge his risk level under the Sex Offender Registration Act. (Am. Compl., Ex. A.). The Notice indicated that Doe was registered as a level three sex offender which subjected him to community notification. (Id.) The Notice set forth a hearing date of March 21, 2005 and, enclosed with the Notice, was an acknowledgment form. (Am. Compl., Ex. G-3.) In the acknowledgment form, Doe indicated: (1) his intent to challenge his risk level assessment, (2) that he would like to have a lawyer appointed for him, and (3) that he would like to be present at the hearing if released from custody, or, in the

2

alternative, that the hearing be adjourned until his release. (Id.)

In a letter dated July 20, 2005, Defendant Kevin Sylvan ("Sylvan") notified Doe that he was appointed as Doe's counsel, that the hearing had been postponed until August 8, 2005, and that the hearing would proceed in Doe's absence. (Am. Compl., Ex. B.) Doe alleges that he "wrote [Sylvan] and requested an adjournment until his release to be present, to find out what evidence was to be used and to have an opportunity to rebut such evidence." (Am. Compl. ¶ 3.) Doe claims he never received a response from Sylvan until he received a copy of the Court's November 17, 2005 redetermination decision (the "Decision"). (Id. ¶ 4.) The Decision read in pertinent part that Doe, "pursuant to the requirements of the Stipulation of Settlement in Doe v. Pataki, signed and So Ordered on June 4, 2004 by the Honorable Denny Chin . . . having requested a hearing to redetermine [his] risk level in accordance with the aforesaid Stipulation of Settlement, and having appeared by counsel only is hereby determined to have the following risk of reoffense: Risk Level 3 (High)." (Am. Compl., Ex. G-1.)

As to Defendant Attorney General Andrew Cuomo ("Cuomo"), Doe alleges that his procedural due process rights were violated because he "never waived his right to be present" and "[w]as never informed of the evidence to be used against him." (Am.

Compl. ¶ 4.)  Doe requests that this Court "enjoin the
defendants [sic] risk level classification of this defendant
[sic]" and order a new redetermination hearing that complies
with the requirements set forth in Doe v. Pataki, 3 F. Supp. 2d
456 (S.D.N.Y. 1998). (Am. Compl. ¶ 14.)  Doe further seeks a
declaration that he has a right to be present at the
redetermination hearing and that he has a right to represent
himself. (Id.)

      As to Defendant Sylvan, Doe claims that Sylvan violated his
Sixth Amendment right to the effective assistance of counsel.
(Id. at pg. 8 (unnumbered paragraph).)  Doe brings this claim
pursuant to 42 U.S.C. § 1983 and seeks $500,000 in monetary
damages and $500,000 in punitive damages. (Id. ¶ 15.)

      B.   Claims against Defendant Daily News Newspaper, Inc.

      Doe alleges that Defendant Daily News Newspaper, Inc.
("Daily News") printed an article "that contained very little
truth beside [sic] the plaintiff [sic] correct address." (Id.
¶ 17.)  Doe asserts two causes of action: (1) a claim for
declaratory relief requesting the identity of the sketch artist
used to identify Doe the night of his arrest (id. ¶ 19), and (2)
a claim of libel in the amount of $10 million due to the
article's purported falsehoods.

II.  Discussion

     A.  Legal Standards

         i.  Fed. R. Civ. P. 12(b)(1) Standard

     On a motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(1), "[d]etermining the existence of subject
matter jurisdiction is a threshold inquiry, and a claim is
properly dismissed for lack of subject matter jurisdiction under
Rule 12(b)(1) when the district court lacks the statutory or
constitutional power to adjudicate it." Arar v. Ashcroft, 532
F.3d 157, 168 (2d Cir. 2008) (citation omitted). "A plaintiff
asserting subject matter jurisdiction has the burden of proving
by a preponderance of the evidence that it exists." Morrison v.
Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008)
(citation omitted).  Challenges to subject matter jurisdiction
may contest "either the facial sufficiency of the pleadings in
the complaint or the existence of subject matter jurisdiction in
fact." Dow Jones & Co. v. Harrods, Ltd., 237 F.Supp.2d 394, 404
(S.D.N.Y. 2002).  Where, as here, defendants assert only a
facial challenge to jurisdiction, the Court "accepts as true the
uncontroverted factual allegations in the complaint." Id.

         ii.  Fed. R. Civ. P. 12(b)(6) Standard

     To survive a motion to dismiss for failure to state a
claim, a complaint must "plead 'enough facts to state a claim
that is plausible on its face.'" Ruotolo v. City of New York,

                              5

514 F.3d 184, 188 (2d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Because Doe is proceeding pro se, the Court must liberally construe his pleadings "to raise the strongest arguments that they suggest." See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). However, a pro se plaintiff's speculative or conclusory claims will not suffice. See Hudson v. Greiner, No. 99 Civ. 12339, 2000 WL 1838324, *2 (S.D.N.Y. Dec. 13, 2000).

B.   Claims against Defendant Cuomo

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that "while acting under color of state law, Defendants deprived him of his federal constitutional or statutory rights." Greene v. Mazzuca, 485 F. Supp. 2d 447, 450 (S.D.N.Y. 2007) (citing Pabon v. Wright, 459 F.3d 241, 249 (2d Cir. 2006)). Moreover, "to maintain a cause of action [under § 1983] against any official, a plaintiff must show that the defendant was personally involved in the alleged deprivation of his constitutional rights, since the doctrine of respondeat superior

does not apply to § 1983 actions." <u>Zamakshari v. Dvoskin</u>, 899 F. Supp. 1097, 1109 (S.D.N.Y. 1995).

The Court of Appeals has set forth various methods by which a plaintiff may evidence a supervisor's involvement, including:

(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

<u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995).  Here, the Amended Complaint fails to make any allegation identifying the personal involvement of Cuomo, nor is it clear from the Amended Complaint how Cuomo could afford the relief that Doe seeks.[2]  Accordingly, Defendant Cuomo's

---

[2] In his Affidavit Supporting Motion to Dismiss [dkt. no. 16], Doe acknowledges this deficiency: "The Plaintiff concede [sic] that the Court should dismiss the complaint against the Attorney General as it was never (cont'd on next page)

motion to dismiss for failure to state a claim pursuant to
Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

## C.  Claims against Defendant Sylvan

Doe's claims against Sylvan, his former court-appointed
counsel, for alleged violations of his constitutional rights
under 42 U.S.C. § 1983 fail to state a cause of action for which
relief may be granted.  It is well-settled that "court-appointed
attorneys performing a lawyer's traditional functions as counsel
to defendant do not act 'under color of state law' and therefore
are not subject to suit under 42 U.S.C. § 1983." Rodriguez v.
Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997).  To the extent Doe
attempts to avoid this result by alleging that Sylvan was "the
instrument [Defendants] used to make their end run around
clearly established guidelines of procedural protections," (Am.
Compl. at 12), this conspiracy allegation is wholly conclusory
and, as such, insufficient even at the pleading stage to
establish that Sylvan was acting under color of state law. See
Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir.
2002); Dwares v. City of New York, 985 F.2d 94, 99 (2d Cir.
1993).  Accordingly, the motion to dismiss by Defendant Sylvan

---

(cont'd from previous page) the intent [sic] that the Attorney
General took part in the original action of the State defendant
[sic] nor a party to the action." (Aff. Sup. Mot. to Dismiss,
¶ 2.)

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure
to state a claim is GRANTED.

D.   Claims against Defendant Daily News

Doe's causes of action for declaratory judgment and libel
against Defendant Daily News must be dismissed as this Court
lacks subject matter jurisdiction to adjudicate these claims.

The Declaratory Judgment Act provides that "In a case of
actual controversy within its jurisdiction . . . any court of
the United States . . . may declare the rights and other legal
relations of any interested party seeking such declaration,
whether or not further relief is or could be sought." 28 U.S.C.
§ 2201(a) (emphasis added).  The Act does not confer subject
matter jurisdiction; instead, there must be an independent basis
of jurisdiction before a district court may issue a declaratory
judgment. See Correspondent Services Corp. v. First Equities
Corp. of Florida, 442 F.3d 767, 769 (2d Cir. 2006); Niagara
Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d
747, 752 (2d Cir. 1996).  Construing the Amended Complaint in a
light most favorable to the plaintiff, the only possible basis
for jurisdiction would be pursuant to 28 U.S.C. § 1332,
requiring that the parties be diverse and that the amount in
controversy exceed $75,000.

Here, Doe does not satisfy the diversity requirement.  As
set forth in the Amended Complaint, Doe moved to New York in the

early 1970s and "made his domicile in New York city until 2004."
(Am. Compl. ¶¶ 20-21.)  Although he was arrested and
incarcerated in Florida, Doe maintains that he has "never
planned [sic] making Florida his home and, therefore, considers
New York City his domicile." (Id. ¶ 22.)  Doe's incarceration
has no impact on the diversity analysis.[3]

Defendant Daily News is "a limited partnership, the general
partner of which is New DN Company, Inc., a Delaware corporation
with its principal place of business in New York, New York."
(Daily News Motion to Dismiss, Affidavit of Anne B. Carroll
¶ 5.)[4]  For purposes of diversity jurisdiction, a limited
partnership is a citizen of any state of which a limited or
general partner is a citizen. See Carden v. Arkoma Assocs., 494
U.S. 185, 195-96 (1990).  As such, since Daily News's general
partner, New DN Company, Inc., is a corporation whose principal
place of business is located in New York, it is deemed to be a
citizen of New York thereby making Daily News a citizen of New
York. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall [for

---

[3] See Fermin v. Moriarty, No. 96 Civ. 3022 (MBM), 2003 WL
21787351 at *2 (S.D.N.Y. Aug. 4, 2003) ("It is well-established
that a prisoner does not acquire a new domicile when he is
incarcerated in a state different from his previous domicile.
Instead the prisoner retains his preincarceration domicile.").
[4] In resolving a motion to dismiss for lack of subject matter
jurisdiction under Rule 12(b)(1) a district court may consider
evidence outside the pleadings. See Morrison, 547 F.3d at 170
(citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir.
2000)).

purposes of determining diversity jurisdiction] be deemed to be
a citizen of any State by which it has been incorporated and of
the State where it has its principal place of business.")
Therefore, as both Doe and Daily News are citizens of New York,
diversity does not exist, depriving this Court of subject matter
jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, the motion to dismiss by Defendant Daily News
pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of
subject matter jurisdiction is GRANTED.

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### I.    Background

Upon reviewing Defendant Cuomo's motion to dismiss, Doe now
moves this Court for leave to file a second amended complaint
[dkt. no. 16].  Doe "concede[s] that the Court should dismiss
the complaint against the Attorney General." (Affidavit
Supporting Motion to Dismiss, ¶ 2.)  In his proposed Second
Amended Complaint, Doe removes Defendants Cuomo, Daily News,
D.C. Beles, B.F. Bowers, and J.A. Salas, and adds the following
Defendants: Paul Schectman, in his official capacity as
Commissioner of the New York State Dept. of Criminal Services;
The New York State Dept. of Criminal Services; Brion Travis, in
his official capacity as Chairman of the New York State Board of
Parole; The New York State Division of Parole; George Sanchez,
in his official capacity as Commissioner of the New York State

11

Div. of Probation; The New York State Division of Probation;
Elizabeth M. Devane, in her official capacity as Chairperson of
the New York State Board of Examiners of Sex Offenders; and The
New York State Board of Examiners of Sex Offenders
(collectively, the "State Defendants"). (Second Amended
Complaint ("SAC"), pg. 2.)  Doe does not amend his claims
against Defendant Sylvan.  Aside from the change in parties,
however, Doe's allegations are identical to the allegations made
in the Amended Complaint.

II.  <u>Discussion</u>

    A.  <u>Fed. R. Civ. P. Rule 15 Standard</u>

    Other than amendments as a matter of course, a party "may
amend its pleading only with the opposing party's written
consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The
court should freely give leave when justice so requires." <u>Id.</u>
Permitting a party to amend its pleading, however, "is a matter
committed to the Court's sound discretion." <u>McCarthy v. Dun &
Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).  The
district court may deny leave for any "good reason," including
that the proposed amendment would be futile. <u>Id.</u>; <u>see Forman v.
Davis</u>, 371 U.S. 178, 182 (1962); <u>Ellis v. Chao</u>, 336 F.3d 114,
127 (2d Cir. 2003).  An amendment is deemed futile where it
could be dismissed for failure to state a claim upon which
relief may be granted. <u>See Milanese v. Rust-Oleum Corp.</u>, 244

F.3d 104, 110 (2d Cir. 2001); Health-Chem Corp. v. Baker, 915

F.2d 805, 810 (2d Cir. 1990) ("Where . . . there is no merit in

the proposed amendments, leave to amend should be denied.").

Therefore, in order for an amended pleading to be deemed

meritorious, it must "plead 'enough facts to state a claim that

is plausible on its face.'" Ruotolo v. City of New York, 514

F.3d 184, 188 (2d Cir. 2008) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).

    B.    Defendant Sylvan

    In the proposed SAC, Doe asserts the identical causes of

action against Defendant Sylvan.  Accordingly, for the reasons

set forth supra, the proposed amendment is futile as it fails to

state a cause of action.

    C.    State Defendants

    Doe's proposed SAC also fails to assert any valid cause of

action against the various State Defendants.  As against the

individual public officials (George Pataki, Paul Schectman,

Brion Travis, and George Sanchez), Doe's claims in his proposed

SAC would fail since none of these proposed defendants is in a

position to grant Doe the relief he seeks.[5]  Therefore, Doe's

claims for injunctive and declaratory relief would be moot, and

---

[5] The Court takes judicial notice of the fact that the proposed
defendants are no longer public officials, as this information
is "capable of accurate and ready determination by resort to
sources whose accuracy cannot be questioned." Fed. R. Evid. 201.

the SAC would fail to assert a valid claim for relief.[6] See
Blackburn v. Goodwin, 608 F.2d 919, 925 (2d Cir. 1979) (holding
that since defendant "does not have the official capacity
necessary to enable him to comply with the injunctive relief
sought . . . . the claim for declaratory relief is now moot.");
Correction Officers Benev. Ass'n v. Kralik, No. 04 Civ. 2199
(PGG), 2009 WL 856395, *8 (S.D.N.Y. Mar. 26, 2009).
Lastly, the claims set forth in the proposed SAC against the
various state agencies also fail, as they are barred by the
Eleventh Amendment.  The Eleventh Amendment divests a federal
court of subject matter jurisdiction over a case brought by a
citizen of a state against a state or one of the state's
agencies or entities, unless the state consents to such a suit
or unless there has been an abrogation of state sovereign
immunity by Congress. See U.S. CONST., amend XI; see also Bd. of
Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363
(2001); Pennhurst State School & Hosp. v. Halderman, 465 U.S.
89, 100 (1984). "The ultimate guarantee of the Eleventh
Amendment is that nonconsenting States may not be sued by
private individuals in federal court." Garrett, 531 U.S. at 363.
Further, "[t]his jurisdictional bar applies regardless of the

---

[6] Additionally, for the reasons set forth supra, because the SAC
fails to identify the personal involvement of proposed defendant
Elizabeth M. Devane, Doe fails to state a cause of action
pursuant to 42 U.S.C. § 1983.  See Zamakshari v. Dvoskin, 899 F.
Supp. 1097, 1109 (S.D.N.Y. 1995).

nature of the relief sought." Pennhurst, 465 U.S. at 100.; see also Missouri v. Fiske, 290 U.S. 18, 27 (1933) (holding that the Eleventh Amendment forbids suits against states by individuals brought without the state's consent whether the complaint seeks relief in law or in equity).

However, in Ex Parte Young, the Supreme Court established a narrow exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official. See Ex Parte Young, 209 U.S. 123 (1908).  Under Ex Parte Young, there is "a limited exception to the general principle of sovereign immunity [that] allows a suit for injunctive relief challenging the constitutionality of a state official's actions in enforcing state law under the theory that such a suit is not one against the State, and therefore not barred by the Eleventh Amendment." Ford v. Reynolds, 316 F.3d 351, 354-55 (2d Cir. 2003) (quoting CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs., 306 F.3d 87, 98 (2d Cir. 2002)).

Here, the New York State Dept. of Criminal Services, the New York State Division of Parole, the New York State Division of Probation, and the New York State Board of Examiners of Sex Offenders are entities of the State of New York for Eleventh Amendment purposes.  As noted earlier, because the exception established under Ex Parte Young only applies where a plaintiff

15

brings suit for injunctive relief against a state official, it cannot be applied to suits for injunctive relief against state agencies.  Accordingly, the claims set forth in the proposed SAC against the various state agencies would be barred by the Eleventh Amendment.

CONCLUSION

For the foregoing reasons, Defendants Cuomo's, Sylvan's, and Daily News's motions to dismiss [dkt. nos. 5, 6, and 9] are GRANTED, and Plaintiff Doe's motion for leave to file a Second Amended Complaint [dkt. no. 14] is DENIED.

The Clerk of the Court shall mark this action CLOSED and all pending motions DENIED as moot.

SO ORDERED:

DATED:     New York, New York
           September 29, 2009

_Loretta A. Preska_

LORETTA A. PRESKA, Chief U.S.D.J.

16